IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Susan McKnight, Inc., | ) |
|         Plaintiff, | ) Civil Action No.: 2:16-cv-2534 |
| v. | ) JURY TRIAL DEMANDED |
| United Industries Corporation, | ) |
|         Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Susan McKnight, Inc. brings this Complaint for patent infringement against Defendant United Industries Corporation (hereinafter "Defendant United" or "United"). For its Complaint, Plaintiff alleges as follows:

**Parties**

1. Plaintiff Susan McKnight, Inc. (hereinafter "SMI") is a corporation organized under the laws of the State of Tennessee, and has its principal place of business at 181 Cumberland Street, Memphis, TN.

2. Upon information and belief, Defendant United is a corporation organized under the laws of the State of Delaware, and has a place of business at 1 Rider Trail Plaza Drive, Earth City, Missouri 63045.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over the claims set forth in this Complaint because this action arises under federal law, specifically, under the Patent Laws of the

United States, as set forth in Title 35 of the United States Code. This Court therefore has jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a). The amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore this Court also has jurisdiction pursuant to 28 U.S.C. §1332.

4. Upon information and belief, this Court has personal jurisdiction over the Defendant United under the provisions of the Tennessee Long Arm Statutes, Tenn. Code §20-2-201 and §20-2-214(a), by virtue of the facts that Defendant United has availed itself of the privilege of conducting and soliciting business in the State of Tennessee, and the claims set forth in this action arise out of Defendant United's infringing activities in the State of Tennessee among other states, such that it would be reasonable for this Court to exercise personal jurisdiction over Defendant United

5. Venue in this District is appropriate pursuant to 28 U.S.C. §§1391(b), (c), and (d), and 1400(b), because the Defendants have committed acts of infringement in this District and have sold or offered for sale infringing products in this District.

## Background Facts

6. On February 9, 2016, U.S. Patent No. 9,253,973, entitled "Crawling Arthropod Intercepting Device and Method" (hereinafter "the '973 Patent"), was duly and legally issued to Plaintiff SMI and Purdue Research Foundation by the United States Patent and Trademark Office, on an application filed by inventors Susan McKnight and Changlu Wang on May 5, 2009.

7. A true and correct copy of the '973 Patent is attached hereto as Exhibit A.

8. Plaintiff SMI is the owner of the '973 Patent by assignment from Purdue Research Foundation recorded with the United States Patent and Trademark Office at reel 38050, frame 0536.

9. Plaintiff SMI designs, manufactures, sells, and distributes, *inter alia,* a full range of traps and interceptors for capturing and tracking bed bugs and other arthropods.

10. Plaintiff SMI began offering for sale in the United States in or about 2009 a pitfall trap and interceptor constructed according to the '973 Patent for capturing and intercepting bed bugs and other arthropods.

11. Upon information and belief, Defendant United manufactures, sells, and otherwise distributes through others in the United States including Tennessee pitfall traps under name "Hot Shot Bed Bug Interceptor" for intercepting and capturing bed bugs climbing onto and off of the legs of furniture.

12. Defendant United offers for sale and sells in Tennessee and elsewhere in the United States pitfall traps in a box on which is illustrated and described the "Hot Shot Bed Bug Interceptor" and the method of using the Interceptor under furniture legs as a pitfall trap to intercept and capture bed bugs.

13. The pitfall traps sold and offered for sale as the "Hot Shot Bed Bug Interceptor" in the United States including Tennessee by Defendant United infringe one or more claims of Plaintiff SMI's '973 Patent including at least Claims 1 and 16.

14. Plaintiff SMI has not licensed or otherwise authorized Defendant United to use or practice the inventions in the '973 Patent.

15. As a result of Defendant United's infringing activities in Tennessee and other states, Plaintiff SMI has suffered financial harm and damage to its business and reputation.

## Count I
## Patent Infringement by Defendant United

16. Plaintiff SMI re-alleges and restates each allegation set forth in paragraphs 1 - 15 inclusive, and incorporates them herein by reference.

17. Without the consent or authorization of Plaintiff SMI, Defendant United has infringed one or more claims of the '973 Patent including at least Claims 1 and 16 under U.S.C. §271(a) by making, using, selling, offering for sale or importing the "Hot Shot Bed Bug Interceptor" in this District and elsewhere in the United States.

18. Defendant United's infringement of the '973 Patent has irreparably damaged Plaintiff SMI in an amount that is unknown and cannot at the present time be ascertained, and will cause added injury and loss unless this Court enjoins Defendant United's infringement.

19. Upon information and belief, Defendant United's continued infringement of the '973 Patent is knowing and willful.

20. Unless enjoined by this Court, Defendant United will continue to knowingly and willfully infringe Plaintiff's Patent, all to Plaintiff's injury and loss.

## Prayer for Relief

WHEREFORE, Plaintiff SMI for its relief seeks judgment as follows:

1. That this Court declare that the '973 Patent is valid and infringed by Defendant United.

2. That this Court preliminarily and permanently enjoin Defendant United, and anyone acting in concert with United, from infringing the '973 Patent as provided in 35 U.S.C. § 283, and specifically bar Defendant, and anyone acting in concert with United, from making, using, selling or offering for sale in the United States, or importing into the United States, products that infringe the '973 Patent.

3.    That this Court award Plaintiff SMI damages, as provided in 35 U.S.C. §284, in an amount to be proven at trial, for infringement of the '973 Patent by Defendant United.

4.  That this Court award Plaintiff SMI increased damages up to three times the amount found or assessed for infringement of the '973 Patent by the Defendant United pursuant to 35 U.S.C. §284.

5.    That this Court declare this case exceptional and award Plaintiff its reasonable costs and attorneys' fees as provided in 35 U.S.C. §285.

6.    That Plaintiff SMI be awarded such other and further relief, general and special, at law or in equity, which this Court, in its discretion, may deem just and proper.

## Jury Demand

Plaintiff SMI hereby demands a trial by jury for all issues so triable.

Respectfully submitted

Dated: June 30, 2016

By: s/ Adam S. Baldridge
Adam S. Baldridge
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telphone: (901) 577-2102
Facsimile: (901) 577-0838
abaldridge@bakerdonelson.com

*Attorney for Plaintiff Susan McKnight, Inc.*

*OF COUNSEL:*

John C. Linderman (ct04291)
*lind@ip-lawyers.com*
McCormick, Paulding & Huber, LLP
CityPlace II, 185 Asylum Street
Hartford, CT  06103
Tel.:  (860) 549-5290
Fax:  (860) 527-0464

5